[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15081
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cr-00085-MMH-JBT-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ASHLEY LAMAR LINDSEY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 13, 2016)

Before MARCUS, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Ashley Lindsey appeals her statutory maximum, two-year sentence, imposed

above the guideline range, after the district court revoked her supervised release.

In 2013, a federal grand jury returned an indictment against Lindsey, charging her with one count of theft of government property, in violation of 18 U.S.C. § 641. Pretrial, while released on bond, Lindsey violated the conditions of her release four times, by testing positive for marijuana three times, and failing to report for urinalysis testing as scheduled. The court modified the terms of her release to include a requirement that she undergo a substance abuse evaluation and treatment program, but did not revoke her bond. Lindsey then pleaded guilty to the charges in the indictment, but prior to sentencing, she violated the conditions of bond again by testing positive for marijuana at least five times, and eventually the court revoked her bond.

Lindsey was then sentenced to 36 months' probation, and less than a year later, she was arrested and admitted to five probation violations, including her use of marijuana. The court revoked her probation, sentencing her to six months' imprisonment, followed by two years of supervised release, with conditions that she participate in mental health and substance abuse treatment programs, and that she perform 50 hours of community service. Lindsey was released from prison in December 2014, but nine months later, was charged with violating the terms of her supervised release, for testing positive for marijuana and for failing to participate in required drug treatment sessions. At the final revocation hearing, Lindsey admitted violating her supervised release as alleged in the petition for revocation.

The court determined that the guidelines recommended a sentence of three to nine months' imprisonment, with a statutory maximum of two years, and imposed a sentence of two years' imprisonment.  On appeal, Lindsey argues that her sentence after revocation of supervised release was substantively unreasonable.  After thorough review, we affirm.

We review a sentence imposed upon the revocation of supervised release for reasonableness, United States v. Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008), which "merely asks whether the trial court abused its discretion," United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).  We also review a district court's decision to exceed the advisory sentencing range in Chapter 7 of the Sentencing Guidelines, U.S.S.G. § 7B1.4, for abuse of discretion.  United States v. Silva, 443 F.3d 795, 798 (11th Cir. 2006).  The party challenging the sentence bears the burden to show it is unreasonable.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

Under the Sentencing Guidelines, a court may revoke supervised release upon a finding of a Grade C violation of the conditions of supervised release.  U.S.S.G. § 7B1.3(a)(2).  A Grade C violation is any "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision."  U.S.S.G. § 7B1.1(a)(3).  The application notes following § 7B1.3 state that revocation of

3

supervised release is generally the "appropriate disposition in the case of a Grade C violation by a defendant who, having been continued on supervision after a finding of violation, again violates the condition of [her] supervision."  U.S.S.G. § 7B1.3, n.1.    The guidelines provide that the applicable guideline range following revocation of supervised release for a Grade C violation and a Criminal History Category of I is three to nine months' imprisonment.  U.S.S.G. § 7B1.4(a).

In reviewing sentences for reasonableness, we typically perform two steps. Pugh, 515 F.3d at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]   In determining whether to modify or revoke supervised release after a defendant violates a condition of supervised release, a court must consider the § 3553(a) factors, including: (1) the nature and circumstances of the offense;

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

(2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; and (4) the kinds of sentences and sentencing range established by the Guidelines, and in the case of a violation of supervised release, the applicable Guidelines or policy statements issued by the Sentencing Commission.   18 U.S.C. § 3583(e) (cross-referencing 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7)).

If we conclude that the district court did not procedurally err, we consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'"  Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51).  "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented."  United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted).  We may conclude there was an abuse of discretion if the district court (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) commits a clear error of judgment in balancing the sentencing factors.  United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  The district court's unjustified reliance on any one § 3553(a) factor may

5

be a symptom of an unreasonable sentence.  United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006).  A sentencing court need not discuss each § 3553(a) factor individually.  United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).  But where a district court imposes an upward variance based upon the § 3553(a) factors, it must have a justification compelling enough to support the degree of the variance.  United States v. Early, 686 F.3d 1219, 1221 (11th Cir. 2012).  A sentence outside the guidelines carries no presumption of unreasonableness.  Irizarry v. United States, 553 U.S. 708, 714-16 (2008).

We are unpersuaded by Lindsey's claim that her two-year sentence -- above the guideline range and at the statutory maximum -- was substantively unreasonable.  For starters, Lindsey's sentence is not presumptively unreasonable because it was imposed above the guideline range.  Moreover, the district court expressed compelling reasons for imposing a higher sentence.  Specifically, the court said that it imposed the statutory maximum sentence because it was concerned by Lindsey's repeated violations of her probation, and then supervised release, her lack of respect for the court, and her unwillingness to conform her conduct to the law.  Not only did the court consider Lindsey's actions, particularly in light of how frequently she tested positive for marijuana, but also the circumstances of her violations and her personal history -- including the fact that the court had previously revoked her probation and sentenced her to six months'

6

imprisonment, hoping that would "be enough." The court further noted that Lindsey had no willingness to participate in her mental health or drug treatment. The court concluded that "another guideline sentence of 3 to 9 months . . . would [not] accomplish any of the purposes of sentenc[ing]. . . [T]he full two-year sentence is not only warranted, but entirely necessary in this case."

Finally, while Lindsey argues that Grade C violations, like the ones here, do not support her two-year sentence, the guidelines' application notes state that revocation of supervised release is generally the "appropriate disposition in the case of a Grade C violation by a defendant who, having been continued on supervision after a finding of violation, again violates the condition of [her] supervision." U.S.S.G. § 7B1.3, n.1. As the record reveals, Lindsey repeatedly violated the conditions of her release, even after those conditions were modified. Accordingly, we affirm Lindsey's sentence.

**AFFIRMED**.